# RULES AND REGULATIONS
## OF THE GARY HUMAN RELATIONS COMMISSION

**RULE 1**     **DEFINITIONS:**

When used in these rules and regulations, unless the contest clearly requires otherwise.

(A)    The term "Affirmative Action" shall mean those acts, which the Commission deems necessary to assure compliance with the Gary Civil Rights Ordinance.

(B)    "Aggrieved Person" includes any person who claims to have been injured by a discriminatory housing practice, believes that such person will be injured by a discriminatory housing practice that is about to occur.

(C)    The term "Commission" means the Human Relations Commission of the City of Gary, Indiana, hereinafter created.

(D)    The term "Commission Attorney" shall mean such assistants of the Corporation Counsel as may be assigned to the Commission, or such other attorneys as may be engaged by the Commission.

(E)    The term "Commissioners" means any duly appointed member of the Human Relations Commission.

(F)    The term "Complainant" means any individual charging on his own behalf to have been personally aggrieved by an unlawful discriminatory practice, or the director, deputy director, charging that an unlawful discriminatory practice was committed against a person or class of persons other than himself, in order to vindicate the public policy of the City of Gary, Indiana as referred in Article II of this Ordinance.

(G)    The term "Complaint" means any written grievance filed by a Complainant with the Commission. The original shall be signed and verified before a notary public or other persons duly authorized by law to administer oaths and take acknowledgements. Notarial service shall be furnished by the Commission without charge. To be acceptable by the Commission, a complaint shall be sufficiently complete so as to reflect properly the full name and address of the Complainant; the name and address of the respondent against whom the complaint is made; the alleged discriminatory practice and a statement of particulars thereof; the dates and places of the alleged discriminatory practice is of a continuing nature, the dates between which said continuing acts of discrimination are alleged to have occurred; and a statement as to any other action, civil or criminal, instituted in any other forms based upon the same grievance as is alleged in the complaint, together with a statement as to the status of disposition of such other action. No complaint shall be valid unless filed within ninety (90) days from the date of the occurrence of the alleged discriminatory practice, or from the date of the termination of a published and meaningful grievance procedure provided by a Respondent employer, or labor union. A complaint may be amended to cure technical defects or omission, including the failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts with constitute unlawful discriminatory practices related to or growing out of the

**EXHIBIT B**

1

Section 12.4   **INJUNCTIONS**

(A)   Director Determination

Where a charge has been filed with the Commission, the Director may determine that irreparable harm will be suffered by the Charging Party if the alleged discriminatory practices are allowed to continue. This determination may be made only after the Director has consulted the Staff Attorney.

(B)   Petition to Chairperson for Order to File in Court

When the Director has determined that irreparable harm will be suffered by the Charging Party if the alleged discriminatory practices are allowed to continue, the Director by the Staff Attorney shall petition the Chairperson for a preliminary order authorizing the Director to file a request in circuit or superior court for a temporary restraining order, preliminary injunction, or permanent injunction. The Chairperson shall issue such a preliminary order if he/she finds:

(i)   That the Commission has jurisdiction over the parties and over the subject matter;

(ii)   That the Charging Party is suffering, and will continue to suffer, irreparable harm if a temporary emergency order of the Court is not obtained; and

(iii)   That the Charging Party is likely to succeed on the merits of his/her complaint filed with the Commission.

The Chairperson's preliminary order under this section shall issue only after such preliminary order has been approved by the Department of Law. The preliminary order shall be in writing and it shall become a part of the permanent record of the Commission's proceedings relating to the charge.

(C)   The Department of Law shall file suit on behalf of the Commission in superior or circuit court, for the issuance of a temporary restraining order, preliminary injunction, or permanent injunction following satisfaction of the procedural steps set out in these rules and the issuance of a preliminary order to so proceed by the Chairperson.

RULE 13   **JUDICIAL REVIEW**

Section 13.1   **METHOD OF FILING FOR REVIEW**

(A)   Who May Seek Review

Any Party or Person aggrieved by a final order or determination made by the Commission shall be entitled to judicial review, pursuant to Indiana Code 4-22.

(B)   Record Of Hearing

For purposes of judicial review, the record of the Public Hearing shall consist of a transcript of the oral testimony, the exhibits admitted into evidence, and all notices; pleadings, exceptions, motions, requests and other papers filed with the Commission with

the exception of briefs or arguments of law. The cost of producing such record for judicial review shall be borne by the Party making the appeal. The Commission may require the deposit of reasonable security for the payment of such cost before producing such record.

RULE 14    REVOCATION OR SUSPENSION OF LICENSES

Section 14.1    NOTICE TO LICENSEE AND LICENSING AGENCY

(A)    Procedure

Any licensee of the City of Gary who is found to have committed a discriminatory practice shall be put on notice by the order of the Commission that failure to comply with its final order will subject said licensee to the possible suspension or revocation of such license. The licensing agency shall be given notice of the Commission's determination, and upon failure of the licensee to comply with the Commission's final order, the Commission shall request the licensing agency to conduct a hearing on the matter of whether or not such licensee shall continue to be licensed.

RULE 15    CONSTRUCTION OF THESE REGULATIONS

Section 15.1    HOW CONSTRUED

(A)    Broad Construction

These regulations shall be broadly construed to accomplish the purposes of the Law and the Policies of the Commission.

(B)    Partial Invalidity

If any provision of these rules or the application of a provision to any person or circumstances shall be held invalid, the remainder of these rules or the application of a rule to persons or circumstances other than those as to which it is held invalid, shall not be affected thereby.

Revised 07/27/05

ADOPTED BY THE HUMAN RELATIONS COMMISSION OF THE CITY OF GARY THIS _____ DAY OF _____