UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JENNIFER DOCHEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-275-JEM |
| | ) | |
| THE METHODIST HOSPITALS, INC., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Scheduling Order and Accept Plaintiff's Amended Complaint [DE 55], filed July 26, 2023. Defendant filed its response on August 2, 2023, and Plaintiff filed her reply on August 3, 2023. The Court held a hearing on August 31, 2023, and ordered additional briefing. Plaintiff filed her memorandum of law on October 10, 2023, Defendant filed its response on November 13, 2023, and Plaintiff filed her reply on December 6, 2023.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.    Background**

On July 2, 2019, Plaintiff and Defendant entered into a Professional Services Employment Agreement. Defendant terminated the Agreement pursuant to the termination provision set forth in it, effective July 12, 2020. Plaintiff filed a Charge of Discrimination with the Gary Human Rights Commission ("GHRC") and the Equal Employment Opportunity Commission ("EEOC"). On May 10, 2021, the GHRC made a probable cause determination. On September 3, 2021,

Defendant initiated this action by filing a Notice of Removal [DE 1], removing this case from the GRHC. As a result of that action, the GHRC administratively closed its file without prejudice on September 9, 2021. On September 20, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. Defendant filed a Motion to Dismiss on March 15, 2022, asserting that Plaintiff had failed to file a complaint within the ninety-day jurisdictional time frame mandated by Title VII. Plaintiff filed a Complaint on March 18, 2022. Defendant then filed a Motion to Strike, asserting that that Complaint was untimely and should therefore be stricken. Plaintiff filed her response on May 3, 2022, arguing that since Defendant removed this action to federal court before the issuance of the Notice of Right to Sue letter, the jurisdictional requirements of Title VII were met, and it would be inequitable to dismiss her claim. On July 5, 2022, the Court denied the Motion to Strike and the Motion to Dismiss.

Plaintiff's counsel withdrew her appearance on January 26, 2023, and new counsel entered her appearance on April 21, 2023. At the Rule 16 pretrial conference on May 4, 2023, over the objection of counsel for Defendant, Plaintiff was granted an extension of time through June 14, 2023, to seek leave to amend her pleadings. Thereafter, by agreement, the deadline for Plaintiff to seek to leave to amend her complaint was extended to July 21, 2023. Plaintiff filed an Amended Complaint on July 22, 2023, which was stricken because she failed to file a motion seeking leave to amend in conformance with Federal and Local Rules. On July 26, 2023, Plaintiff filed the instant motion, seeking leave to amend her complaint by adding five new Defendants and twenty-six new causes of action. The Court held a hearing on August 31, 2023, and ordered additional briefing on the issue of the applicable statutes of limitations and relation back. Plaintiff filed her memorandum of law on October 10, 2023, Defendant filed its response on November 13, 2023, and Plaintiff filed

her reply on December 7, 2023.

**II.     Standard of Review**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in

3

testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Rule 15(c)(1).

Fed. R. Civ. P. 15; *see also Krupski v. Costa Crociere S. P. A.*, 560 U.S. 538, 546 (2010).

**III. Analysis**

Defendant Methodist (the only Defendant currently a party to this action) argues that the motion to amend should be denied because Plaintiff should have brought these claims earlier and the delay is excessive.

Defendant argues that joinder of new parties at this late date would amount to undue delay, and therefore the Court should not permit it. Because the statute of limitations does not appear to have expired as to at least eighteen of the new twenty-six counts, the simple passage of time, alone, is an insufficient argument against amending. *Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.*, 2023 U.S. Dist. LEXIS 211126, at *7 (Nov. 28, 2023) (explaining that delay alone will not

generally justify denying a motion to amend a pleading; it must be accompanied by some other reason, like undue prejudice, identified with specificity) (citing *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.,* 800 F.3d 343, 358 (7th Cir. 2015); *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). The facts of the proposed new counts are the same as the facts of the original complaint, and the to-be-added defendants are the same persons who engaged in the previously complained of conduct, although they were not named as defendants.

The deadline for the parties to seek leave to amend the pleadings expired July 21, 2023 (after extensions at Plaintiff's request). Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . before the original time or its extension expires[] or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Moreover, the scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad v. Scheub,* No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("[G]ood cause is shown when despite a party's diligence, the deadlines could not reasonably have been met."). In determining whether good cause under Rule 16 has been shown, the Court's primary inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Defendant argues that that Plaintiff's Motion seeking leave to amend was filed late. Shortly after Plaintiff's current counsel appeared, she asked for an extension of time to seek leave to

amend, which was granted through June 14, 2023, over Defendant's objection. That time was extended, by agreement, from June 14, 2023, to July 21, 2023, due to counsel's medical issues. Plaintiff then filed a proposed amended complaint a day late, on July 22, 2023. That pleading was stricken, because she filed an amended complaint rather than a motion for leave to do so. Plaintiff's Motion seeking leave to amend was filed July 26, 2023. The delay of one day from July 21 to July 22, 2023 was due to severe weather causing power outages where Plaintiff's counsel is located, and Plaintiff has shown good cause for that delay. The parties spill a lot of ink arguing about who is responsible for the delays in this case, which does little to move the case forward in a productive matter, and the Court concludes that Plaintiff has acted with diligence.

Plaintiff argues that Counts One through Five and Thirty-Two are the same discrimination causes of action included within her original complaint, and Defendant does not argue otherwise. Those Counts are properly brought.

Plaintiff argues that the applicable statutes of limitations on the newly added claims for relief pursuant to 42 U.S.C. § 1981, alleging that Defendant Methodist and the to-be-added defendants interfered with her right to make and enforce contracts, harassed her, and created a hostile work environment on the basis of her race and in retaliation for her complaints about racially motivated discrimination and harassment. (Counts Six, Seven, Eight, Nine, Ten, Eleven, Thirteen, Fourteen, Fifteen, Seventeen, Eighteen, Nineteen, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Eight, Twenty-Nine and Thirty) have not expired, and therefore there is no relation back issue. Plaintiff argues that the applicable statute of limitations is four years pursuant to 28 U.S.C. § 1658, and the activities described in these counts occurred between October 2019 and December 2022. Defendant does not argue that the statute of limitations has expired but asserts

6

that it would be prejudicial to Defendant to allow any § 1981 claims to be brought because the Agreement is not attached to the proposed amended complaint, and the termination provisions of the Agreement were complied with by Defendant. Defendant does not explain how the Agreement was complied with, and also does not attach it. Defendant's argument is cursory, and not well developed. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Plaintiff may add the § 1981 claims.

Plaintiff argues that the defamation *per se* claim (Count Twenty-Six) relates back to the original complaint because the letter at issue was referenced in that complaint, and therefore the proposed count arises from the operative facts already pleaded. Defendant argues that because the letter at issue is not attached to the proposed amended complaint, leave to amend should not be granted. Defendant does not cite any legal authority or develop this argument. *See M.G. Skinner,* 845 F.3d at 321. Because the letter is clearly identified, reference to it satisfies applicable notice pleading requirements. A plaintiff has no obligation to attach particular documents to her complaint. *Liu v. Northwestern Univ.,* 78 F. Supp. 3d 839, 847 (N.D. Ill., 2016) ("[F]ederal courts, . . . do not require that critical documents be attached to the complaint.") Plaintiff may add the defamation *per se* claim, Count 26.

Plaintiff seeks to add state law defamation and tortious interference with contract counts against new defendants. (Counts Twelve, Sixteen, Twenty, Twenty-Four, Twenty-Five, and Thirty-one). She acknowledges that these claims are governed by a two-year statute of limitations, but argues that Defendant cannot raise the statute of limitations and relation back argument on behalf of parties who have not yet appeared, and that they are the same new defendants as other

7

counts for which the statute has not run. The Court cannot resolve the issue of relation back at this time. *See Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011) ("whether the amendment would relate back to the date when the original complaint was filed and thus defeat the defense of statute of limitations was a separate question [from whether amending the complaint is proper]"). Plaintiff also argues that because those same proposed defendants will already be added as a result of the § 1981 claims, which are not time-barred, Federal Rule of Civil Procedure 15(c)(1)(B) applies, and even if it does not, she satisfied Rule 15(c)(1)(C) because each of the new defendants knew or should have known that they were proper party defendants. Defendant again argues that the failure to attach the contract or the letter are fatal to the request to amend the complaint, but this argue fails as described above. Plaintiff may add the tortious interference and defamation claims. The Court is not ruling at this time on any statute of limitations or relation back argument which the to-be-added defendants may choose to make.

Plaintiff argues that Count Twenty-Seven, for breach of contract, was included within the original complaint, and therefore there is no statute of limitations or relation back issue to be considered. Defendants does not argue otherwise, and County Twenty-Seven is properly before the Court.

Defendant argues that none of the to-be-added defendants have appeared or raised any arguments they would raise as to the claims raised in the proposed amended complaint. The Court will consider any argument raised by any newly-added defendant at the time they are properly before the Court.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Amend Scheduling Order and Accept Plaintiff's Amended Complaint [DE 55] and **ORDERS** Plaintiff to file the Amended Complaint, currently on the docket as an attachment to the instant Motion, by **December 22, 2023**, and provide proposed summons for the newly-added defendants to the Clerk's Office, and serve it on the newly-added defendants in accordance with the Federal Rules of Civil Procedure.

SO ORDERED this 8th day of December, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record