UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JENNIFER DOCHEE, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|   v. | ) | CAUSE NO.: 2:21-CV-275-JEM |
| | ) | |
| THE METHODIST HOSPITALS, INC., | ) | |
| *et al.*, | ) | |
|    Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Causes of Action 6-26 and 28-31 of Plaintiff's Amended Complaint [DE 87], filed by Defendants on March 6, 2024. Defendants seek to have the causes of action against all the newly added Defendants, and two of the newly added causes of action against the original Defendant, The Methodist Hospitals, Inc., dismissed with prejudice.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I. Background**

On July 2, 2019, Plaintiff and Methodist entered into a Professional Services Employment Agreement ("Agreement"). Methodist terminated the Agreement effective July 12, 2020, pursuant to the termination provision set forth in it. Plaintiff filed a Charge of Discrimination with the Gary Human Rights Commission ("GHRC") and the Equal Employment Opportunity Commission ("EEOC"). On May 10, 2021, the GHRC made a probable cause determination. On September 3, 2021, Defendant Methodist initiated this action by filing a Notice of Removal [DE 1], removing

1

this case from the GRHC. As a result of that action, the GHRC administratively closed its file without prejudice on September 9, 2021. On September 20, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. Plaintiff filed a Complaint on March 18, 2022, asserting causes of action for discrimination and retaliation against Methodist. On December 14, 2023, Plaintiff filed an Amended Complaint asserting additional causes of action against Methodist and adding claims against Defendants Sevier, Kodenchery, Shah, Venkat, and Doyle. On March 6, 2024, Defendants filed the instant Motion to Dismiss, asserting that Causes of Action 6 through 26 and 28 through 31 should be dismissed with prejudice. Plaintiff filed her response on May 17, 2024, and Defendants filed their reply on June 14, 2024.

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain

2

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III. Analysis**

Defendants argue that claims 6 through 8, 9 through 11, 13 through 15, 17 through 19, 21 through 23, and 28 through 30 each fail to state a cause of action and therefore should be dismissed. Defendants argue that causes of action 12, 16, 20, 24, 25, 26, and 31 are barred by the applicable statutes of limitations.

A. <u>§ 1981 claims</u>

Defendants argue that Plaintiff's Amended Complaint fails to state a claim of race

3

discrimination in violation of 42 U.S.C. § 1981. Plaintiff claims that her employment was terminated because of her race and alleges that some of the individual defendants referred to her as an "angry black woman," an "angry black female," a "black woman," and "black." Defendants argue that because Plaintiff claims that she was fired both because of her race and because of her gender, she has failed to state a claim for race discrimination under § 1981. They argue that to succeed on a § 1981 claim, Plaintiff must plead and establish that but for her race, she would not have suffered the loss of a legally protected right, and construe Plaintiff's allegations that she was discriminated against because she was a black woman as asserting both her race and gender as bases for discrimination. Plaintiff argues that "angry black woman" is a racial stereotype and, as such, is sufficient to allege § 1981 causation, that there can be multiple but-for causes for § 1981 claims, and that Defendants fail to raise any argument specifically regarding her retaliation claims asserted under § 1981.

The relevant portions of 42 U.S.C. § 1981 state: "[a]ll persons with the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white persons." 42 U.S.C. § 1981(a). For a plaintiff to survive a motion to dismiss a § 1981 claim regarding an employment contract, she must plead that she is a member of a racial minority, that the defendants intentionally discriminated against her on the basis of her race, and that the discrimination related to the making or enforcing of a contract. *Morris v. Off. Max*, 89 F.3d 411, 413 (7th Cir. 1996). Plaintiff must plead that, but for her race, the adverse action would not have occurred. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Defendants argue that race alone must be the but-for cause for § 1981 claims, so Plaintiff's inclusion of claims of both racial and gender discrimination, is fatal to a § 1981 claim.

4

Racial slurs can be sufficient to raise a claim under § 1981. *See Easley v. Iberia Airlines*, 2007 U.S. Dist. LEXIS 12653, at *13-14 (N.D. Ill. February 23, 2007) ("Plaintiff alleges that she was called names repeatedly on the basis of her race . . . Plaintiff also alleges that individual employees . . . told subordinates to watch Plaintiff, accused her of stealing company property, and instructed others not to assist Plaintiff with any of her tasks. These facts, taken in the light most favorable to Plaintiff, may constitute harassment. Therefore, Plaintiff's Section 1981 claim for harassment will not be dismissed."). Phrases like "black woman attitude" and "angry black woman" have been found sufficient to create a racially hostile work environment under § 1981. *See Griffin v. Cmty. Health Network*, Case No. 1:19-cv-04518-TWP-DLP, 2021 U.S. Dist. LEXIS 130147, at *22-23 (S.D. Ind. July 14, 2021) (characterizing reference to the plaintiff as "scary and intimidating" as evocative of "the odious stereotype of the '***angry Black woman***'" and finding them "racially insensitive"); *Guster-Hines v McDonald's USA, LLC*, 2021 U.S. Dist. LEXIS 118877, at *9 (N.D. Ill. June 25, 2021); *Doyle v Capitol One Nat'l. Ass'n.*, Case No. 19-cv-719, U.S. Dist. LEXIS 167676, at *10-11 (N.D. Ill. Sept. 30, 2019) (describing co-worker's use of the phrase "angry Black woman" as racially motivated); *Young v. Control Sols., LLC*, 2017 U.S. Dist. LEXIS 93681, at *19-20 (N.D. Ill. June 19, 2017) (granting summary judgment on a § 1981 claim when there was no evidence that anyone referred to the plaintiff as an "angry black woman" but used only the word "angry" when describing her attitude); *see also, Banks v. Gen. Motors, LLC*, 81 F.4th 242, 272 (2d. Cir. 2023) (finding that comments which "implied that [the plaintiff]'s reactions to the discriminatory harassment were disproportionate or irrational, implicat[ed] the racial stereotype of the 'angry Black woman'"); *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 413 (4th Cir. 2022) (Motz, J., concurring) ("[W]hen an African American woman asserts

5

herself, she is often tagged by her supervisors and coworkers as an 'angry Black woman,' a harmful and well-rooted racial stereotype"); *Heard v. Bd. of Trs. Of the Jackson Cnty College*, Case No. 11-cv-13051, 2013 U.S. Dist. LEXIS 4490, at 32-33 (E.D. Mich. Jan. 11, 2013) ("angry black woman" raised a "sex-plus" claim of discrimination under Title VII); *Robinson v. City of Atlanta*, Case No. 1:10-CV-02036-WSD-AJB, 2010 U.S. Dist. LEXIS 146944, at *11-12 (N.D. Ga. Dec. 21, 2010) ("use of statement 'angry black woman' on two occasions exhibits sexual and racial animus")."'

The phrase "angry Black woman" and similar expressions are a racial stereotype. They are also a sexual stereotype. The fact that the statements insulted Plaintiff based on both her race and her gender does not mean that they are not actionable as either race or gender discrimination alone. For purposes of surviving a motion to dismiss, Plaintiff has pleaded sufficient racial animus to satisfy the requirements of § 1981. Plaintiffs' Causes of Action 6, 7, 8, 9, 10, 11, 13, 14, 15, 17, 18, 19, 21, 22, 23, 28, 29, and 30 will not be dismissed.

B. <u>Claims for tortious interference with a business relationship</u>

Defendants argue that Plaintiff's claim for tortious interference with a business relationship are time barred. The Indiana statute of limitations for a tortious interference with contract claim is two years from the time the cause of action accrued, or when the plaintiff first knew of her injury resulting from a breach of the contract. Ind. Code § 34-11-2-4(a). *C & E. Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 644 (Ind. Ct. App. 1999).

Plaintiff alleges in her Amended Complaint that the discriminatory conduct by the Individual Defendants constituted tortious interference with her contract with Methodist. The Agreement was terminated by Methodist effective July 12, 2020. Plaintiff first raised the tortious

6

interference claims on July 26, 2023, more than three years later. Defendants argue that the tortious interference claims are therefore all time-barred, and do not satisfy the requirements for relation back set forth in Federal Rule of Civil Procedure 15(c)(1)(C). Plaintiff argues that the causes of action relate back to the date of the filing of the original Complaint. In particular, Plaintiff argues that because the § 1981 causes of action properly added the Individual Defendants, adding tortious interference claims against them is appropriate under Federal Rule of Civil Procedure 15(c)(1)(B), which provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Plaintiff seems to be arguing that because part of her Amended Complaint adds new parties for non time-barred causes of action, the time-barred causes of action relate back because the new parties are not really new parties.

Plaintiff also refers to the Order granting her motion to amend [DE 66] as if the Court agreed with her assertions in that motion that the claims against the individual defendants were not time-barred. However, in its December 8, 2023 Order granting Plaintiff leave to file an amended complaint, the Court explicitly declined to rule "on any statute of limitations or relation back argument which the to-be-added defendants may choose to make." Order at 8 [DE 66].

The original pleading named only Methodist, Plaintiff's employer, and no individual parties, and raised no state law claims. Under Rule 15(c), an otherwise time-barred claim against a newly-added party relates back to the date of the initial complaint if the claim arose out of the occurrence in the original pleading and the newly-named party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known

7

that the action would have been brought against it, but for a mistake concerning the proper party's identity," within 90 days of service of the original pleading. Fed. R. Civ. P. 15(c)(1)(C); 4(m). Plaintiff's reading of Federal Rule of Civil Procedure 15, that when parties are added with causes of action that are not time barred, they are added back for all causes of action, even those that are time barred, is inaccurate.

In this case, the conduct alleged against the Individual Defendants that gives rise to the tortious interference claims is, at least in part, conduct that was alleged in the original pleading. The newly-added defendants must also have received notice of the claims against them within the 90 days provided by Rule 4(m) for serving the summons, and Plaintiff must also show that they knew or should have known that the action would have been brought against them "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The ninety-day period for service of the original complaint expired on June 18, 2022, but Plaintiff did not serve the individual defendants until December 2023.

Furthermore, Defendants argue that Plaintiff was not mistaken about the identity of the individual defendants but simply changed her mind about which parties she wants to sue. Plaintiff states that "Plaintiff's former counsel apparently 'rushed out' a complaint . . . and referred to 'defendants' . . . even though only Methodist was named." Pl.'s Res. pp. 23-24 [DE 93]. Plaintiff argues that "[t]he fact that the original Complaint referred to 'defendants' in the plural and contained allegations referring to conduct of the now individually-named Defendants, reasonably indicates that Plaintiff's former counsel's failure to name them as Defendants was a mistake," Pl.'s Res. p. 24 [DE 93], and that is the type of mistake contemplated by Rule 15(c)(1)(C)(ii). Defendants argue that the mistake must be one of identity, not strategy or counsel's decision

8

making. Plaintiff's argument is unavailing: the mistake which the amended pleading should seek to address is not a mistake made by counsel choosing which of the known parties to be defendants, but a mistake as to which parties are involved in the conduct at issue. *McMurtry v. Wexford Health Sources, Inc.*, Case No. 18-cv-02176, 2021 U.S. Dist. LEXIS 58748 at *29 (N.D. Ill. March 26, 2021) ("Changing one's mind about who to sue – or making a tactical decision to expand the boundaries of the lawsuit to add new defendants – does not qualify as mistaken identity"); *see also Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548-549 (2010) (explaining that both mistaken identity and notice are required to satisfy Rule 15(c)(1)(C)).

The Individual Defendants were not mistakenly identified as some other parties or as John Doe defendants in Plaintiff's original complaint. The fact that she referred to them by name in the original Complaint when identifying who engaged in what conduct does not name them as defendants. The fact that the word "defendants" was used some of the time in the original complaint also does not constitute a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Plaintiff cannot satisfy the requirements of Rule 15(c)(1)(C)(ii) and the time-barred claims for tortious interference (Causes of Action 12, 16, 20, 24, and 31) against the Individual Defendants do not relate back to the original complaint and will be dismissed.

C. Claims for defamation *per se*

Defendants argue that Plaintiff's claims for defamation per se are also time barred. The Indiana statute of limitations for defamation is two years from the time the cause of action accrued. Ind. Code § 34-11-2-4(a). *Burks v. Rushmore,* 534 N.E. 2d 1101, 1102 (Ind. 1989). Defamation claims accrue when the damage is or could have been learned of. *Id.* at 1104.

Plaintiff alleges that Defendant Venkat made false statements to at least two other hospitals

at which Plaintiff sought employment and/or privileges, and these statements constitute defamation *per se*. The comments were made in July 2020 and Plaintiff learned of them in July 2020. On July 26, 2023, Plaintiff's Amended Complaint raised, for the first time, claims against Methodist and newly added individual defendant Venkat for defamation *per se*. Defendants argue that Plaintiff's Amended Complaint Causes of Action 25 and 26, which set forth the claims for defamation, are also time-barred. Plaintiff argues that the causes of action relate back to the date of the filing of the original Complaint. For the reasons discussed above, the defamation claim against Defendant Venkat (Cause of Action 25) does not relate back to the original complaint and will be dismissed.

Methodist argues that the defamation claim asserted against it should be dismissed because it is time barred and does not relate back to the original Complaint. Methodist argues that for the claims to relate back, the original complaint must have given the defendant sufficient notice of the nature and scope of the plaintiff's claim." Defs.' Memo. p. 14 [DE 88]. The cases cited by Methodist for the proposition that Rule 15(c)(1)(B) requires notice of the legal basis of the claim, *Westbrook v. Delaware Cnty. Sheriff*, 790 F. App'x. 807 (7th Cir. 2019) and *Santamarina v. Sears*, 466 F.3d 570 (7th Cir. 2006), do not impose that requirement, and Rule 15(c)(1)(B) does not either. Rule 15 requires that the new claim "arose out of the conduct, transaction, or occurrence" as described in the original pleading. Because the original complaint set forth the same conduct by Defendant Methodist as Plaintiff now uses to plead another cause of action, the claim for defamation (Cause of Action 26) does relate back to the original complaint and will not be dismissed. Fed. F. Civ. P 15(c)(1)(B).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Defendant's Motion to Dismiss Causes of Action 6-26 and 28-31 of Plaintiff's Amended Complaint [DE 87], **DISMISSES with prejudice** causes of action 12, 16, 20, 24, 25, and 31, and **DIRECTS** the Clerk of the Court to enter judgment against Plaintiff on those causes of action.

SO ORDERED this 30th day of September, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record