**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DR. JENNIFER DOCHEE,<br>Plaintiff,<br><br>v.<br><br>THE METHODIST HOSPITALS, INC., *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:21-CV-275-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jennifer Dochee's Motion to Compel Discovery as to which Defendants Interposed Mostly Untimely Waived Objections [DE 130] and Plaintiff Dochee's Motion to Compel Discovery to which No Objections were Interposed [DE 131], both filed on March 24, 2026. Plaintiff seeks to compel responses to interrogatories and requests for production of documents.

## I. Background

On March 18, 2022, Plaintiff filed a Complaint asserting claims that Defendant Methodist Hospital, for whom she worked as a doctor, discriminated against her on the basis of her race and retaliated against her for reporting that discrimination. Plaintiff's amended complaint, filed on December 14, 2023, also includes claims against Defendants Sevier, Kodenchery, Shah, Venkat, and Doyle for race and gender discrimination and retaliation.

On March 24, 2026, Plaintiff filed the two instant motions seeking to compel Defendants to provide additional discovery responses or for the Court to deem objections waived. Defendants filed a response to both motions on April 22, 2026, and Plaintiff filed replies on April 29, 2026.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, *see* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

### A. Untimely Responses

Plaintiff identifies a large number of Defendants' responses to her document requests and interrogatories that were untimely and asks that the Court deem all objections to these requests waived.

Under Federal Rule of Civil Procedure 33(b)(4), "[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 671 (N.D. Ind. 2008). "Case law imposes similar consequences for a party's failure to timely object to document requests." *Equity Indus. A-Rockville LLC v. 7900 Rockville, LLC*, No. 1:09-CV-0621-SEB-JMS,

2010 WL 1737915, at *1 (S.D. Ind. 2010) (citing *Magalis v. Adams*, No. 08-CV-3135, 2009 WL 3756446, at *3 (C.D. Ill. 2009)) (collecting cases); *see also Peterson v. Farrakhan,* No. 2:03CV319, 2005 WL 2465254, at *2 (N.D. Ind. 2005) ("[I]t is firmly established in this Circuit that a party who fails to timely respond to discovery requests waives his objections thereto.").

Defendants do not dispute Plaintiff's assertion that they served untimely discovery responses for some of the requests but argue that they responded to the best of their ability to the voluminous requests and interrogatories. Defendants assert that they were in communication with Plaintiff during the course of discovery and that Plaintiff was aware that Defendants were working on responses and answers to the voluminous discovery. Plaintiff argues that just because counsel requested information about when late responses would be provided, it does not mean that she consented or acquiesced to an extension of any kind.

Requests for an extension of time not made in open court or at a conference must be made by written motion. N.D. Ind. L.R. 6-1(a). Defendants did not move the Court – or even explicitly ask Plaintiff – for an extension of time. Nearly all of Defendants' discovery responses, as shown in Plaintiff's Chart 1, Pl. Br. p. 8-10 [DE 130], were between six weeks and two months late. Defendants suggest that Plaintiff implicitly allowed the delay because they communicated about the production and also argue that the discovery requests and interrogatories were voluminous. The Court views Defendants' failure to move for an extension of time or timely provide responses and objections with disfavor. However, because they have now responded to the requests for documents and interrogatories listed in the chart and were in communication with Plaintiff regarding the late responses, the Court will not strike Defendants' responses or deem the objections waived at this time. The Court reminds Defendants of the importance of complying with discovery

deadlines and to file requests for extension prior to their expiration in accordance with Federal Rule of Civil Procedure 6(b) and Local Rule 6-1.

B. Boilerplate Objections

Plaintiff asserts that Defendants interposed boilerplate objections without specificity and did not provide or explain any grounds for such objections even after repeated inquiry by Plaintiff, and therefore argues that these objections should be deemed waived. Defendants argue that the number of document requests and interrogatories was voluminous and many of the requests were overly burdensome and not relevant or proportional to the case so the objections were sufficient and not boilerplate or waived.

"Objections must not only be timely, they must be proper, or the result is waiver." *Hobley v. Chicago Police Commander Burge*, No. 03 C 3678, 2003 WL 22682362, at *4 (N.D. Ill. Nov. 12, 2003). And "[t]he grounds for objecting to an interrogatory or document request must be stated with specificity." Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B). It is well established that generalized, boilerplate objections are insufficient. *In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *3 (N.D. Ill. 2015). The objecting party has the burden to substantiate its objections with specificity and cannot meet that burden by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 643 (N.D. Ind. 2011).

On review of Defendants' responses to the requests identified by Plaintiff as boilerplate, Pl. Br. p. 15 n. 3 [DE 130], the Court finds that responses such as "Defendant objects to Request No. [ ] on the basis that it is not relevant to Plaintiff's claim, is not proportional to the needs of this

case, and the burden outweighs any likely benefit" and "Defendant objects to this interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to discovery of admissible evidence" are insufficient. They do not provide any detail as to why the interrogatories and document requests are not relevant, not proportional, vague, or overbroad. That said, the Court acknowledges that, while this is a complicated case with many claims against multiple defendants, Plaintiff's requests are numerous and somewhat repetitive, making it impractical for Defendants to respond in detail to every substantially similar request. The Court therefore does not deem the objections waived at this time, but requires Defendants to supplement their objections as appropriate. The Court urges the parties to work together in accordance with the spirit of Rules 26(b) and 37, with Plaintiff limiting the requests as reasonable.

C. Privilege Objections

Defendant Methodist responded to a number of Plaintiff's requests by asserting that the requested documents need not be produced because they are subject to either attorney-client privilege or the Indiana State Peer Review Privilege. Plaintiff contends that this response is impermissibly boilerplate and Defendant Methodist should be required to produce a privilege log. Defendant Methodist argues that its objections are not boilerplate as Plaintiff's requests are irrelevant, disproportionate, and overbroad, and that they do not need to provide a privilege log as they already objected on other grounds in addition to asserting privilege.

Federal Rule of Civil Procedure 26(b)(5)(A) requires that, if a party withholds information on the grounds of privilege, the party must describe the nature of the withheld documents in a way that allows the other party to assess the privilege claim without revealing the privileged material itself. Fed. R. Civ. P. 26(b)(5)(A). "Privilege can no more be asserted as a boilerplate objection than any other objection." *In re Caesars Entm't Operating Co., Inc.*, No. 15 B 1145, 2018 WL

3748158, at *5 (Bankr. N.D. Ill. July 31, 2018) (quoting *Miller v. City of Plymouth*, No. 2:09-CV-205-JVB-PRC, 2011 WL 1740154, at *4 (N.D. Ind. May 5, 2011)). The failure to provide any sort of privilege log when one is required is sufficient to justify finding waiver. *In re Caesars Ent. Operating Co., Inc.*, 2018 WL 2431636 at *5 (Bankr. N.D. Ill. May 29, 2018). However, a privilege log is not required where objections are raised as to scope of discovery and relevance until those objections are ruled upon because a privilege log is only required for otherwise discoverable information. *City of Chicago v. DoorDash, Inc.*, No. 1:21-CV-05162, 2023 WL 3654259, at *4 (N.D. Ill. 2023).

The Court notes that Defendant Methodist objected on the basis of relevance in addition to objecting on the basis of privilege to many of the referenced requests. Defendant Methodist need not provide a privilege log for the requests where it objected on grounds besides just privilege, but does need to provide a privilege log for Request Nos. 131, 132. 207-221, 224, 274, 276, 277, 283, 289-291, and 294-303 describing the nature of the withheld documents in a way that allows Plaintiff to assess the privilege claims without revealing the privileged material itself.

D. Withheld Documents

Plaintiff identifies a number of document requests to which it argues that Defendants have failed to affirmatively state whether any responsive materials are being withheld on the basis of any asserted objection. She requests that Defendants be compelled to produce these materials. Defendants argue that many of their objections relate to the relevance and proportionality of the information requested and it would be highly inefficient to itemize documents where the request seeks irrelevant information that is disproportionate to the issues and needs of the case.

"An objection must state whether any responsive materials are being withheld on the basis of that objection," Fed. R. Civ. P. 34(b)(2)(C), and "[t]he grounds for objecting to an interrogatory

or document request must be stated with specificity." Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B). Defendants do not dispute that after responding with objections they did not affirmatively state whether responsive materials were being withheld. However, Defendants argue that it would be inefficient to require them to itemize documents being withheld under each objection given how many objections Defendants have interposed. The Court agrees with Defendants that as a practical matter, such a process would not be efficient and a good use of time for the parties in this case, but once again urges the parties to work together. Plaintiff is reminded of the need to limit its requests, *see* Fed. R. Civ. P. 26(b)(1), (b)(2)(C), and Defendants are encouraged to supplement their responses as practical.

E. <u>Other Discovery Responses</u>

Plaintiff claims that Defendants have refused to produce documents related to their assertions of concerns about Plaintiff's medical treatment of patients, which may potentially be relevant to their unclean hands affirmative defense. Defendants argue that they provided some of these documents. Plaintiff's argument is general and does not specifically address which categories of documents or which specific documents are missing, aside from referencing documents related to assertions of concerns about Plaintiff's medical treatment of patients, or to what extent documents are missing. It is not the Court's job to sift through the hundreds of interrogatories and document requests to see which ones Plaintiff is alleging are missing. *See, e.g., United States v. Sineneng-Smith*, U.S., 590 U.S. 371, 375–76 (2020) (courts "rely on the parties to frame the issues for decision" and "do not, or should not, sally forth each day looking for wrongs to right") (citing *Greenlaw v. United States*, 554 U.S. 237, 243, 244 (2008)); *Varlen Corp. v. Liberty Mut. Ins. Co.,* 924 F.3d 456, 460 (7th Cir. 2019) ("courts do not have to scour the record or make a party's

argument for it"). The Court will not compel Defendants to produce these documents but again encourages the parties to work together to reach resolution of the discovery disputes.

F. Other Unproduced Documents

Plaintiff characterizes a number of Defendant Methodist's responses as inadequate and argues that Defendant Methodist should be required to produce responsive documents. Defendant Methodist responded to a number of Plaintiff's requests for document production with general statements but without producing documents. Plaintiff argues that these responses are inadequate not because of any objection or boilerplate response, like the responses previously discussed, but because Defendant Methodist does not adequately provide responses that address the request. For example, in Request No. 133, Plaintiff requested documents about Dr. Sevier's role and/or job duties at Defendant Methodist, including any changes and any salary changes due to change in role or job duties. Pl. Br. p. 6 [DE 131]. Defendant Methodist responded by stating "Dr. Sevier is Chief Medical Officer at Methodist Hospital," without producing any documents.

In response, Defendant Methodist argues only that it did not object to the requests, ignoring the argument that its production is inadequate because it neither produced responsive documents nor provided an adequate response to justify non-production. Rule 34 requires a party responding to a request for production to state, for each item or category, whether inspection will be permitted or an objection is asserted, and any objection to part of a request must specify the part objected to and permit inspection of the remainder. Fed. R. Civ. P. 34(b)(2)(B), (C). An evasive or incomplete response constitutes a failure to respond. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); Fed. R. Civ. P. 37(a)(4). Discovery responses that provide general information only and omit requested details are non-responsive. *Watkins v. Neilsen*, 405 Fed. App'x. 42, 43-44 (7th Cir. 2010).

On review of the requests identified by Plaintiff in her Chart 1, Pl. Br. p. 7 [DE 131], the Court finds that several of Defendant Methodist's responses were adequate. Defendant Methodist need not produce documents it explains do not exist, but Defendant Methodist failed to adequately respond to requests numbered 133, 137, 142, 149, 171, 195, 264, and 265 because its responses do not fully address the questions posed. In addition, the responses to Nos. 171, 195, 264, and 265 admit that there are relevant documents, but Defendant Methodist did not produce those documents. Defendants must provide all relevant documents in response to Request Nos. 133, 137, 142, 149, 171, 195, 264, and 265.

Plaintiff also seeks to compel Defendants to provide documents responsive to the numerous requests to which it responded merely "investigation continues." Plaintiff's Chart 2, Pl. Br. p. 8-9 [DE 131]. Defendants argue that the phrase "investigation continues" is commonly utilized to indicate that there are no known documents, but that if during discovery, including depositions of parties and witnesses, some document comes to light that is responsive to the request, the documents will be produced. Although Plaintiff argues that "investigation continues" is not a common or usual response to discovery requests, Defendants have clarified in their brief that they currently do not have the requested documents. Accordingly, they need not produce them, but the Court reminds Defendants of its requirement to make reasonable inquiry into the existence of the documents and continuing duty to supplement or correct a discovery response if he learns that a response is incomplete or incorrect. Fed. R. Civ. P. 26(g)(1); Fed. R. Civ. P. 26(e)(1)(A).

G. <u>Other Inadequate Responses</u>

Plaintiff further argues that Defendants failed to respond to several requests with either objections or documents. Plaintiff identifies two categories of inadequate responses: (1) responses to requests for expired insurance policies that fail to include the current policies or current

Declarations page or other insurance policies covering the individual Defendants and (2) production of documents with pages missing, with drafts missing, and without the indicated attachments or requested metadata.

As to Defendants' insurance policies, "as part of its initial disclosures, a party must provide for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv); *see also Henderson v. Zurn Indus.,* 131 F.R.D. 560, 563 (S.D. Ind. 1990). Defendants do not explain why the withheld individual policies are not relevant to Plaintiff's claim and need not be produced in accordance with Rule 26(a). The Court notes that Defendant Methodist has produced the policy it asserts would cover any judgment against it, but it is not apparent whether there may be other policies as well. *Neth. Ins. Co. v. Macomb Cmty. Unit Sch. Dist. No. 185*, 8 F.4th 505, 507 (7th Cir. 2021); *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 343–44 (7th Cir. 2010). Defendants must produce all policies that provide coverage on potential judgment in this case.

or provide Plaintiff with specific objections clearly stating why the individual policies are not relevant to this lawsuit.

Plaintiff also generally argues that some of Defendants' production is incomplete, with missing pages, attachments, or metadata. To the extent that particular responsive documents have not been fully produced, Defendants should supplement their production, but the Court will not scour the record to determine which specific documents these might be or how they are inadequate. *Varlen Corp.* 924 F.3d at 460 (7th Cir. 2019).

H. Incomplete and Inaccurate Interrogatory Responses

Plaintiff asserts that some of Defendants' interrogatory responses are incomplete. Defendants argue that Plaintiff has not specifically identified what is allegedly missing from the responses to each of the interrogatory requests enumerated by Plaintiff.

Federal Rule of Civil Procedure 33(b)(3) requires that the responding party provide a complete, full answer to interrogatories to which no objection is interposed. Fed. R. Civ. P. 33(b)(3). And "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Watkins v. Neilsen*, 405 Fed. App'x. 42, 43-44 (7th Cir. 2010) (discovery responses that provided general information only and omitted requested details were non-responsive).

Even though Plaintiff does not specifically state what is missing from Defendants' responses, it is obvious that for nearly all of the identified interrogatory responses Defendants do not come anywhere close to adequately addressing the questions. Accordingly, the Court orders Defendants to provide complete and adequate responses to the interrogatories listed in Plaintiff's Chart, Pl. Br. p. 14 [DE 131], except for Nos. 16 and 17 directed at Dr. Doyle. The Court emphasizes to Defendants' counsel that any continued effort to provide incomplete or evasive responses to these interrogatories or other discovery requests may be treated as a failure to disclose, answer, or respond.

Similarly, Plaintiff argues that Defendants provided incorrect responses to some interrogatories. For example, Plaintiff points to Defendant Methodist's answer to Interrogatory No. 2, which asks for identification of any handwritten and notated documents produced by Defendant Methodist. Defendant Methodist responded by writing "none." Pl. Br. Ex. 33, No. 2 [DE 133]. However, Defendant Methodist previously provided multiple documents where

handwritten notations had been made. Plaintiff claims that this same issue occurred with the other Defendants listed in the chart as well and asks that the Court require all defendants to supplement their responses. While the Court is unable to determine whether Defendants provided inaccurate responses to each of the interrogatories listed in Plaintiff's Chart, Pl. Br. p. 17-18 [DE 131], the Court reminds Defendants of the need to supplement their responses should they learn that any of their responses are incorrect. Accordingly, Defendants must supplement any inaccurate responses to the interrogatories listed in the referenced chart.

Plaintiff also argues that Defendants' responses to several identified interrogatories were inadequate because they merely directed Plaintiff to other discovery responses. Defendants argue that their responses directing Plaintiff to other documents are acceptable because Plaintiff, in many instances, requested information that is overlapping and cumulative of information already provided. As for directing Plaintiff to other Defendants or individuals, the Court agrees with Defendants that the identification of a particular individual who has that information is sufficient in these circumstances. However, upon review of the responses identified by Plaintiff, the Court notes that Defendants do not always identify the specific reference document, which makes it very difficult for Plaintiff to know which document is being referenced. Defendants must supplement their responses to the requests listed in Plaintiff's Chart, Pl. Br. p. 16 [DE 131], in which they responded by referencing a non-specific document to provide more complete responses.

I. <u>Extension of Time</u>

It is apparent that the parties are experiencing significant disagreements relating to discovery. Plaintiff's counsel and Defendants' counsel engaged in Rule 37 meet and confer discussions and complied with the spirit of the rule but were simply unable to reach real compromise. Defendants must supplement their discovery as described herein by October 26,

2026, including supplementing their objections, providing a privilege log, providing documents that were not produced despite no objection, and updating incomplete or non-specific interrogatory responses.

Plaintiff has also filed a request for an extension of the discovery deadlines. Defendants do not object to the request, but ask for a hearing to set new deadlines. Noting the agreement of the parties, the Court finds good cause for a sixty-day extension of time. If additional time is needed, parties may file a motion explaining why an extension is needed. Given the age of the case, an extension is disfavored.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS in part** Plaintiff Jennifer Dochee's Motion to Compel Discovery as to which Defendants Interposed Mostly Untimely Waived Objections [DE 130] and Plaintiff Dochee's Motion to Compel Discovery to which No Objections were Interposed [DE 131] as described above and **ORDERS** Defendants to supplement its discovery as described herein by **October 26, 2026**. The Court **GRANTS** Plaintiff's Motion to Amend Scheduling for Extension of Discovery [DE 145] and **ORDERS** that the deadline for parties to complete and file a report of mediation and the deadline to complete the fact and expert discovery are extended to **October 26, 2026**.

SO ORDERED this 26th day of August, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: Counsel of record